UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IQBAL PARVEEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:17-cv-02575-SEB-MJD |
| | ) |
| UNITED STATES CITIZENSHIP AND | ) |
| IMMIGRATION SERVICES, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Before the Court are Defendant United States Citizenship and Immigration Services' ("USCIS") Motion to Dismiss [Dkt. 7], Plaintiff's First Motion for Leave to File Amended Complaint [Dkt. 17], and Plaintiff's Second Motion for Leave to File Amended Complaint [Dkt. 18]. On February 16, 2018, District Judge Sarah Evans Barker designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 25.] For the reasons set forth below, the Magistrate Judge recommends USCIS's Motion to Dismiss be **GRANTED**. The Magistrate Judge further recommends Plaintiff's First Motion for Leave to File Amended Complaint be **DENIED AS MOOT**, and Plaintiff's Second Motion for Leave to File Amended Complaint be **DENIED**.

**I.   Background**

Plaintiff was naturalized as a United States citizen on July 2, 2004. [Dkt. 1 at 1.] USCIS issued Plaintiff a naturalization certificate showing that her date of birth was November 25, 1954. [*Id.*] Plaintiff concedes that this was not a clerical error. [*Id.*] Rather, Plaintiff alleges that she provided USCIS incorrect information regarding her date of birth during the naturalization

1

process and that her correct date of birth was November 25, 1952. [Dkt. 1 at 1-2.] Plaintiff has not filed an Application for Replacement of Naturalization/Citizenship Document (Form N-565) with USCIS. Plaintiff opines that the effort would be "futile" because "[t]he instructions to Form N-565 clearly state that 'USCIS cannot make any changes to an incorrect date of birth on a Naturalization Certificate if [Plaintiff] reported an incorrect date on [her] Form N-400, Application for Naturalization ….'" [Dkt. 24 at 2.]

Plaintiff now asks this Court to order USCIS to issue her an amended certificate of naturalization with the November 25, 1952 birthday. [Dkt. 1.] In response to Plaintiff's Complaint, USCIS filed its Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction over this action and that Plaintiff failed to identify a waiver of sovereign immunity subjecting USCIS to suit. [Dkt. 7.] Plaintiff filed her First and Second Motions for Leave to File Amended Complaint to address USCIS's position on jurisdiction and sovereign immunity. [Dkt. 17; Dkt. 18.]

**II.   Discussion**

**A.  Motion to Dismiss**

As courts of limited jurisdiction, federal courts "possess only that power authorized by Constitution and statute … which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, this Court cannot even consider the merits of a case unless it first determines that it has subject matter jurisdiction over the matter. *Sutton v. Napolitano*, 986 F. Supp. 2d 948, 953 (W.D. Wis. 2013). A plaintiff has the burden of demonstrating that this Court has jurisdiction over this matter pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When deciding a 12(b)(1) motion, this Court must "accept as true all well-pleaded factual

allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

Plaintiff argues that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This argument is without merit.

Until 1991, courts had "[e]xclusive jurisdiction to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a) (1988). A citizen who was naturalized by a court "[was] entitled upon such admission to receive from the clerk of such court a certificate of naturalization." 8 U.S.C. § 1449 (1988). Courts also had authority to "correct, reopen, alter, modify, or vacate [a] judgment or decree naturalizing such persons." 8 U.S.C. § 1451(i) (1988). However, in the Immigration Act of 1990, Congress transferred "[t]he sole authority to naturalize persons as citizens of the United States" from the courts to the executive branch, specifically the Attorney General, effective October 1, 1991. 8 U.S.C. § 1421(a). As a result of this legislation, "the federal courts effectively lost jurisdiction over naturalization proceedings." *Teng v. USCIS*, 820 F.3d 1106, 1109 (9th Cir. 2016).

Today, the "sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General," not the courts. 8 U.S.C. § 1421(a).[1] In addition, the power to "correct, reopen, alter, modify, or vacate an order naturalizing" a person was shifted from the federal courts to the Attorney General. *Compare* 8 U.S.C. § 1451(i) (1988) *with* 8 U.S.C. §

---

[1] "Under the revised regime, federal courts do retain some narrow authority to participate in the naturalization process. For example, the courts can administer oaths of allegiance, 8 U.S.C. § 1421(b)(1), and can assert jurisdiction over a naturalization petition if the executive branch fails to act on an application within 120 days of the applicant's interview with the executive branch." *Teng*, 820 F.3d at 1109, n. 5; *see also* 8 U.S.C. § 1447(b); *Popnikolovski v. USCIS*, 726 F. Supp. 2d 953 (N.D. Ill. 2010).

3

1451(h). Courts retain the limited power to "correct, reopen, alter, modify, or vacate" an order naturalizing persons who filed for naturalization before October 1, 1991. *Ampadu v. USCIS*, 944 F. Supp. 2d 648, 653–56 (C.D. Ill. 2013); *McKenzie v. USCIS*, 761 F.3d 1149, 1156 (10th Cir. 2014) ("[T]he predicate for [federal courts'] authority to correct or modify naturalization documents was eliminated by the removal of jurisdiction to enter naturalization judgments (except, of course, for those persons who had filed for naturalization before October 1, 1991).").

Here, Plaintiff failed to satisfy her burden of demonstrating that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Under § 1331, this Court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "[n]othing in the Immigration Act of 1990 grants [this Court] jurisdiction to amend an agency-issued certificate of naturalization or to order USCIS to do so." *Teng*, 820 F.3d at 1110. Instead, the Act gives the Attorney General the exclusive power to change agency-issued naturalization certificates. *Id.*; *see also McKenzie*, 761 F.3d at 1156 ("In our view, when Congress ended the jurisdiction of district courts to naturalized aliens, it necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize, including the power … to modify naturalization documents."). Plaintiff was naturalized as a United States citizen on July 2, 2004. [Dkt. 1 at 1.] USCIS issued Plaintiff a naturalization certificate showing that her date of birth was November 25, 1954. [*Id.*] Thus, pursuant to the Immigration Act of 1990, this Court cannot amend Plaintiff's USCIS-issued naturalization certificate nor order USCIS to do so.

Accordingly, this Court lacks subject matter jurisdiction over this matter. To support its Motion to Dismiss, USCIS further argues that Plaintiff failed to identify a waiver of sovereign

4

immunity subjecting USCIS to suit. This Court does not need to address this issue because it lacks subject matter jurisdiction over the matter in the first place.

### B. Motions for Leave to File Amended Complaint

On December 15, 2017, Plaintiff filed her First Motion for Leave to File Amended Complaint. [Dkt. 17.] On December 21, 2017, Plaintiff filed her Second Motion for Leave to File Amended Complaint. [Dkt. 18.] Thus, this Court recommends that Plaintiff's First Motion for Leave to File Amended Complaint [Dkt. 17] be **DENIED AS MOOT**. This Court proceeds to consider Plaintiff's Second Motion for Leave to File Amended Complaint [Dkt. 18] on its merits.

Leave to amend pleadings is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court, however, may deny leave to amend a complaint when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Phamacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). Futility is measured by the capacity of the amendment to survive a motion to dismiss. *See Crestview Village Apts. v. U.S. Dep't Of Housing & Urban Dev.,* 383 F.3d 552, 558 (7th Cir. 2004). That means a proposed amendment must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

Plaintiff attempts to cure the jurisdictional defect in her original petition by seeking to file an Amended Petition for Declaratory Judgment and Writ of Mandamus ("Proposed Amended Petition") that seeks mandamus relief. [Dkt. 18-1.] Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Unless the claim is "so frivolous that it fails the *Bell v. Hood* test, the district court has jurisdiction under § 1361 to determine whether the prerequisites for

5

mandamus relief have been satisfied." *Ahmed v. Dep't of Homeland Sec.*, 328 F.3d 383, 386–87 (7th Cir. 2003) (citing *Bell v. Hood*, 327 U.S. 678 (1946)). Because Plaintiff's claim seems plausible enough to engage jurisdiction, the Court turns to the question of whether Plaintiff's request for mandamus relief should be dismissed for failure to state a claim.

A plaintiff is entitled to mandamus relief if three conditions are present: (1) a clear right to the relief sought; (2) the defendant has a duty to do the act in question; and (3) no other adequate remedy is available. *Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989). All three conditions must be satisfied in order for a plaintiff to be entitled to mandamus relief. *Olayan v. Holder*, No. 1:08–CV–715–RLY–DML, 2009 WL 425970, at *4 (S.D. Ind. Feb. 17, 2009).

Here, at least one required condition to mandamus relief is missing. Plaintiff has failed to establish that USCIS has a duty to provide Plaintiff a new naturalization certificate with the alleged correct date of birth after Plaintiff provided USCIS with a wrong date of birth during her naturalization process. Pursuant to 8 C.F.R. § 338.5(e), the Department of Homeland Security specifically instructs USCIS that: "[t]he correction [of naturalization certificate] ***will not be deemed to be justified*** where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of naturalization." 8 C.F.R. § 338.5(e) (emphasis added). Based upon the directive language used in the applicable regulation, the Court finds that USCIS does not have a duty to provide Plaintiff a new naturalization certificate with the alleged correct date of birth because, as Plaintiff does not dispute, Plaintiff provided USCIS with the wrong date of birth during her naturalization process. [*See* Dkt. 1.] In fact, USCIS is forbidden to do so. As a result, Plaintiff has failed to establish that USCIS has a duty to do the act in question, and thus, she is not entitled to mandamus relief.

6

Accordingly, Plaintiff's Proposed Amended Petition is futile because it fails to cure the jurisdictional defect in Plaintiff's original petition. Therefore, the Magistrate Judge recommends that Plaintiff's Second Motion for Leave to File Amended Complaint be **DENIED**.

### III.  Conclusion

Based on the foregoing, the Magistrate Judge recommends USCIS's Motion to Dismiss [Dkt. 7] be **GRANTED**. The Magistrate Judge further recommends Plaintiff's First Motion for Leave to File Amended Complaint [Dkt. 17] be **DENIED AS MOOT**, and Plaintiff's Second Motion for Leave to File Amended Complaint [Dkt. 18] be **DENIED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  13 MAR 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert David Epstein
EPSTEIN COHEN SEIF & PORTER
rdepstein@aol.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov